IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM C. BULLOCK, SR.,** | : | Civil No. 1:12-CV-1061 |
| Plaintiff, | : | (Chief Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **INTERNAL REVENUE SERVICE** | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

On June 5, 2012, the Plaintiff, William Bullock filed a *pro se* complaint with this Court seeking an injunction forbidding the Internal Revenue Service from enforcing an IRS levy against Bullock. (Doc. 1)

This case is not the first legal foray by Bullock endeavoring to defeat IRS tax levies. Quite the contrary, in 2009 Bullock filed a civil action against his employer, attempting to sue the employer for compliance with an IRS levy and wage garnishment. That prior lawsuit was dismissed by this Court, and the dismissal of that action was affirmed by the United States Court of Appeals for the Third Circuit in 2011. Bullock v. Bimbo Bakeries USA, Inc., 414 F. App'x 470 (3d Cir. 2011).

Undeterred by this prior adverse ruling, Bullock now seeks the aid of this Court to directly enjoin the IRS from imposing this tax levy. (Doc. 1) In support of this request, Bullock asserts that he believes that wages are not subject to federal income taxes; insists that the IRS has not shown him the law which allows it to collect taxes from him; alleges that the Internal Revenue Service has not complied with the provisions of the Uniform Commercial Code in attempting to collect this tax debt; and affirms his belief that his self-declared status as a "NONIMMIGRANT /NONRESIDENT ALIEN", means that he is not a "person" subject to federal income taxes. (Id.) On the basis of these averments, Bullock invites this Court to enjoin enforcement of the IRS levy.

Bullock has not tendered a filing fee along with this *pro se* complaint, and thus apparently is seeking to proceed *in forma pauperis*. For the reasons set forth below, as part of our statutorily-mandated obligation to screen and review *pro se, in forma pauperis* complaints, we recommend that the Court dismiss the complaint for failure to state a claim upon which relief can be granted.

**II.     Discussion**

**A.     Screening of *Pro Se In Forma Pauperis* Complaints–Standard of Review**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials.  See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards

have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint

states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must

5

then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations

which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Here, Bullock's *pro se* complaint invites the Court to enjoin enforcement of an IRS levy. We should decline this invitation, since we are by statute enjoined from issuing injunctions interfering with IRS tax collection activities. The Anti-Injunction Act, 26 U.S.C. §7421, speaks directly to this issue, and provides in clear and precise terms that: "[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). This clear statutory prohibition against enjoining IRS levies admits of only one narrowly crafted judicial exception. Under the "judicial exception to the Act: [A]n injunction may be obtained against the collection of any tax if (1) it is 'clear that under no circumstances could the government ultimately prevail' and (2) 'equity jurisdiction' otherwise exists, i.e., the taxpayer shows that he would otherwise suffer irreparable injury. Commissioner v. Shapiro, 424 U.S. 614, 627, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976) (quoting Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962)). The burden is on the taxpayer to establish both prongs of the test. See Elias, 908 F.2d at 525-26. Unless both prongs of the test are met, a suit for injunctive relief must be dismissed. Alexander v. 'Americans United' Inc., 416 U.S. 752, 758, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974)." Sokolow v. United States, 169 F.3d

663, 665 (9th Cir. 1999). Pursuant to this narrow exception, "Injunctions may issue in *only exceptional and extraordinary circumstances*. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932)." Parenti v. Whinston, 347 F. Supp. 471, 472 (E.D. Pa. 1972)(emphasis added).

In its present form, Bullock's *pro se* complaint does not recite any of the exceptional and extraordinary circumstances which would justify injunctive relief in the face of the Anti-Injunction Act's broad prohibition against such injunctions. The Plaintiff's subjective beliefs that wages are not subject to federal income taxes; his opinion that the IRS must show him the law which allows it to collect taxes from him; and his idiosyncratic view that the Internal Revenue Service must comply with the provisions of the Uniform Commercial Code before attempting to collect this tax debt are meritless and certainly do not constitute the type of exceptional circumstances contemplated by the Act. Nor can Bullock enjoin this tax levy by simply declaring himself a "NONIMMIGRANT/NONRESIDENT ALIEN", who is not a "person" subject to federal income taxes.

More fundamentally, Bullock cannot avail himself of this form of injunctive relief because he cannot show irreparable harm. Bullock cannot show irreparable harm in this instance because he has another legal pathway available to him if he wishes to challenge the imposition of an IRS levy. Title 26, United States Code §6330 specifically provides that persons like Bullock who wish to challenge an IRS

levy are entitled to a due process hearing with that agency. 26 U.S.C. §6330(b). At this hearing the taxpayer "may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy." 26 U.S.C. § 6330 (c)(2)(A). If the taxpayer is dissatisfied with the outcome of this agency hearing, that person "may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." 26 U.S.C. § 6330(d)(1). Since §6330 provides this full array of due process protections to a person like Bullock who wishes to contest an IRS levy, the Plaintiff simply cannot show the type of irreparable, and irremediable, harm which would warrant intervention by this Court. Therefore, Bullock's complaint, which seeks such judicial intervention in tax collection matters, should be dismissed without prejudice to Bullock pursuing the legal path prescribed by statute for challenging IRS tax levies.

In sum, in its current form this complaint fails to properly invoke federal jurisdiction, and seeks relief which we are forbidden by the Anti-Injunction Act from granting to the Plaintiff. Moreover the complaint fails to invoke any of the exceptional and extraordinary circumstances which would otherwise justify this type of equitable relief. Yet, while this screening merits analysis calls for dismissal of this action in its current form, we recommend that the Plaintiff be given another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint. We recommend this course mindful of the fact that in civil rights cases

*pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, it is recommended that the Court provide the Plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint at this time without prejudice to one final effort by the Plaintiff to comply with the rules governing civil actions in federal court.

### III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's complaint be dismissed without prejudice to the Plaintiff endeavoring to correct the defects cited in this report, provided that the Plaintiff acts within 20 days of any dismissal order.

The Plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 7th day of June 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge