IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM C. BULLOCK, SR., | : | |
| Plaintiff | : | Civil Action No. 1:12-CV-1061 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| INTERNAL REVENUE SERVICE, | : | (Magistrate Judge Carlson) |
| Defendant | : | |

## MEMORANDUM ORDER

Currently pending before the Court is the Report and Recommendation of Magistrate Judge Martin C. Carlson, in which Magistrate Judge Carlson recommends that Plaintiff William Bullock's complaint be dismissed. (Doc. No. 4.) Upon a review of the complaint, the Report and Recommendation, and the objections thereto, the Court will adopt the Report and Recommendation in part and dismiss the complaint.

Plaintiff commenced this action against Defendant Internal Revenue Service by filing a complaint on June 5, 2012. (Doc. No. 1.) The complaint seeks to enjoin Defendant from enforcing an IRS tax levy on the grounds that the IRS has failed to provide Plaintiff with an explanation of its authority to collect taxes from Plaintiff. Such an action is squarely foreclosed by the Anti-Injunction Act, which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The only exception to this rule is where the taxpayer demonstrates that: (1) under no circumstances could the government prevail; and (2) the taxpayer would suffer irreparable injury in the absence of an injunction. Commissioner v. Shapiro, 424 U.S. 614, 627 (1976). Setting aside the dubious merits of Plaintiff's argument, Plaintiff will not suffer irreparable harm in the absence of an

injunction because Plaintiff has a statutory means of challenging the imposition of an IRS levy. See 26 U.S.C. § 6330(b).  Specifically, 26 U.S.C. § 6330 provides for both a due process hearing, where the taxpayer "may raise . . . any relevant issue relating to the unpaid tax or the proposed levy," and an appeals process where the taxpayer may challenge the agency's decision with the Tax Court.  26 U.S.C. § 6330(c)(2)(A), (d)(1).  In short, the Anti-Injunction Act bars this Court from granting the relief Plaintiff seeks and granting Plaintiff leave to amend his complaint would be futile.  Accordingly, although the Court agrees that the complaint should be dismissed, the Court finds that no purpose would be served by granting Plaintiff leave to amend.

     The Court pauses only briefly to acknowledge Plaintiff's objections to the Report and Recommendation.  Plaintiff has lodged no objection that relates in any way to the foregoing legal analysis.  Rather, Plaintiff simply contends that the document he filed was not a complaint, but rather that it was a two-part document consisting of a notice of intent to sue and a motion for injunction of an IRS levy.  (Doc. No. 5.)  Thus, Plaintiff argues he is neither proceeding in forma pauperis nor required to pay a filing fee.  (Id.)  The document in question is a filing in which Plaintiff states his desire to commence a civil action seeking injunctive relief against Defendant. (Doc. No. 1.)  As he explains in his objections to the Report and Recommendation, through the document he is seeking relief in the nature of an injunction.  (Doc. No. 5.)  As such, whatever Plaintiff elects to call the first document filed on the docket, it is emphatically a complaint.  See Fed. R. Civ. P. 3; Black's Law Dictionary 323 (9th ed. 2009).  Because he has filed a complaint, he is required to pay the statutory filing fee, which he has not done, or proceed in forma pauperis.  Thus, Magistrate Judge Carlson properly screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**ACCORDINGLY**, on this 10th day of July 2012, **IT IS HEREBY ORDERED THAT** the Report and Recommendation (Doc. No. 4) is **ADOPTED IN PART** and the complaint (Doc. No. 1) is **DISMISSED** without prejudice to Plaintiff's right to seek relief pursuant to 26 U.S.C. § 6330.  The Clerk of Court is directed to close the case.

                                            S/ Yvette Kane
                                            Yvette Kane, Chief Judge
                                            United States District Court
                                            Middle District of Pennsylvania